**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PROPULSION CONTROLS ENGINEERINGS, a California
corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/13/2017** at 04:51:11 PM

Clerk of the Superior Court
By Tamara Parra, Deputy Clerk

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Superior Court of State of California

For The County of San Diego
330 West Broadway, San Diego, CA 92101

</td><td>

CASE NUMBER:
*(Número del Caso):*   37-2017-00001738-CU-OE-CTL

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edwin Aiwazian; 410 West Arden Avenue,  Suite 203, Glendale, California 91203; (818) 265-1025

<table>
<tr><td>

DATE:    01/17/2017
*(Fecha)*

</td><td>Clerk, by<br>*(Secretario)*</td><td>*Sam Parra*<br>T. Parra</td><td>, Deputy<br>*(Adjunto)*</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

<table>
<tr><td>

[SEAL]

</td><td>

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

</td></tr>
</table>

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  V. Andre Sherman (SBN 198684)
   **GIRARDI | KEESE**
2  1126 Wilshire Boulevard
   Los Angeles, California 90017
3  Tel: (213) 977-0211 / Fax: (213) 481-1554

4  Edwin Aiwazian (SBN 232943)
   **LAWYERS *for* JUSTICE, PC**
5  410 West Arden Avenue, Suite 203
   Glendale, California 91203
6  Tel: (818) 265-1020 / Fax: (818) 265-1021

7  *Attorneys for* Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/13/2017** at 04:51:11 PM

Clerk of the Superior Court
By Tamara Parra,Deputy Clerk

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **FOR THE COUNTY OF SAN DIEGO**

10 ISRAEL RAMIREZ; individually, and on        Case No.:  37-2017-00001738-CU-OE-CTL
   behalf of other members of the general public
11 similarly situated and on behalf of other      **CLASS ACTION COMPLAINT FOR**
   aggrieved employees pursuant to the           **DAMAGES & ENFORCEMENT UNDER**
12 California Private Attorneys General Act;      **THE PRIVATE ATTORNEYS GENERAL**
                                                  **ACT, CALIFORNIA LABOR CODE**
13            Plaintiff,                          **§ 2698, ET SEQ.**

14    vs.                                         (1)  Violation of California Labor Code
                                                       §§ 510 and 1198 (Unpaid
15 PROPULSION CONTROLS                                 Overtime);
   ENGINEERINGS, a California corporation;        (2)  Violation of California Labor Code
16 and DOES 1 through 100, inclusive,                  §§ 226.7 and 512(a) (Unpaid Meal
                                                       Period Premiums);
17            Defendants.                          (3)  Violation of California Labor Code
                                                       § 226.7 (Unpaid Rest Period
18                                                     Premiums);
                                                  (4)  Violation of California Labor Code
19                                                     §§ 1194, 1197, and 1197.1 (Unpaid
                                                       Minimum Wages);
20                                                (5)  Violation of California Labor Code
                                                       §§ 201 and 202 (Final Wages Not
21                                                     Timely Paid);
                                                  (6)  Violation of California Labor Code
22                                                     § 204 (Wages Not Timely Paid
                                                       During Employment);
23                                                (7)  Violation of California Labor Code
                                                       § 226(a) (Non-Compliant Wage
24                                                     Statements);
                                                  (8)  Violation of California Labor Code
25                                                     § 1174(d) (Failure To Keep
                                                       Requisite Payroll Records);
26                                                (9)  Violation of California Labor Code
                                                       §§ 2800 and 2802 (Unreimbursed
27                                                     Business Expenses);
                                                  (10) Violation of California Business &
28                                                     Professions Code §§ 17200, et seq.

(11) Violation of California Labor Code § 2698, et seq. (California Labor Code Private Attorneys General Act of 2004)

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff ISRAEL RAMIREZ ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, and alleges as follows:

**JURISDICTION AND VENUE**

1.    This class action is brought pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2.    This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.    This Court has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by California courts consistent with traditional notions of fair play and substantial justice.

4.    Venue is proper in this Court because, upon information and belief, Defendant maintains offices, has agents, employs individuals, and/or transacts business in the State of California, County of San Diego. The majority of acts and omissions alleged herein relating to Plaintiffs and the other class members took place in the State of California, including the County of San Diego. At all relevant times, Defendant

2

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

1   maintained its headquarters/"nerve center" within the State of California, County of

2   San Diego.

3                               **PARTIES**

4       5.     Plaintiff ISRAEL RAMIREZ is an individual residing in the State of

5   California, County of San Diego.

6       6.     Defendant PROPULSION CONTROLS ENGINEERINGS, at all times

7   herein mentioned, was and is, upon information and belief, a California corporation,

8   and at all times herein mentioned, an employer whose employees are engaged

9   throughout the State of California, including the County of San Diego.

10      7.     At all relevant times, Defendant PROPULSION CONTROLS

11   ENGINEERINGS was the "employer" of Plaintiff within the meaning of all applicable

12   California laws and statutes.

13      8.     At all times herein relevant, Defendants PROPULSION CONTROLS

14   ENGINEERINGS and DOES 1 through 100, and each of them, were the agents,

15   partners, joint venturers, joint employers, representatives, servants, employees,

16   successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times

17   relevant hereto were acting within the course and scope of their authority as such

18   agents, partners, joint venturers, joint employers, representatives, servants, employees,

19   successors, co-conspirators and/or assigns, and all acts or omissions alleged herein

20   were duly committed with the ratification, knowledge, permission, encouragement,

21   authorization and/or consent of each defendant designated as a DOE herein.

22      9.     The true names and capacities, whether corporate, associate, individual or

23   otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who

24   sues said defendants by such fictitious names. Plaintiff is informed and believes, and

25   based on that information and belief alleges, that each of the defendants designated as a

26   DOE is legally responsible for the events and happenings referred to in this Complaint,

27   and unlawfully caused the injuries and damages to Plaintiff and the other class

28   members as alleged in this Complaint. Plaintiff will seek leave of court to amend this

1  Complaint to show the true names and capacities when the same have been ascertained.

2      10.    Defendant PROPULSION CONTROLS ENGINEERINGS and DOES 1

3  through 100 will hereinafter collectively be referred to as "Defendants."

4      11.    Plaintiff further alleges that Defendants, directly or indirectly controlled

5  or affected the working conditions, wages, working hours, and conditions of

6  employment of Plaintiff and the other class members and aggrieved employees so as to

7  make each of said Defendants employers and employers liable under the statutory

8  provisions set forth herein.

9                    **CLASS ACTION ALLEGATIONS**

10     12.    Plaintiff brings this action on his own behalf and on behalf of all other

11 members of the general public similarly situated, and, thus, seeks class certification

12 under California Code of Civil Procedure section 382.

13     13.    The proposed class is defined as follows:

14             All current and former hourly-paid or non-exempt employees who worked

15             for any of the Defendants within the State of California at any time during

16             the period from four years preceding the filing of this Complaint to final

17             judgment.

18     14.    Plaintiff reserves the right to establish subclasses as appropriate.

19     15.    The class is ascertainable and there is a well-defined community of

20 interest in the litigation:

21             a.    Numerosity: The class members are so numerous that joinder of all

22                  class members is impracticable.  The membership of the entire

23                  class is unknown to Plaintiff at this time; however, the class is

24                  estimated to be greater than fifty (50) individuals and the identity

25                  of such membership is readily ascertainable by inspection of

26             b.    Typicality: Plaintiff's claims are typical of all other class members'

27                  as demonstrated herein.  Plaintiff will fairly and adequately protect

28                  the interests of the other class members with whom he has a well-

                                              4

1    defined community of interest.

2    c.    Adequacy: Plaintiff will fairly and adequately protect the interests

3    of each class member, with whom he has a well-defined

4    community of interest and typicality of claims, as demonstrated

5    herein. Plaintiff has no interest that is antagonistic to the other

6    class members. Plaintiff's attorneys, the proposed class counsel,

7    are versed in the rules governing class action discovery,

8    certification, and settlement. Plaintiff has incurred, and during the

9    pendency of this action will continue to incur, costs and attorneys'

10    fees, that have been, are, and will be necessarily expended for the

11    prosecution of this action for the substantial benefit of each class

12    member.

13    d.    Superiority: A class action is superior to other available methods

14    for the fair and efficient adjudication of this litigation because

15    individual joinder of all class members is impractical.

16    e.    Public Policy Considerations: Certification of this lawsuit as a class

17    action will advance public policy objectives. Employers of this

18    great state violate employment and labor laws every day. Current

19    employees are often afraid to assert their rights out of fear of direct

20    or indirect retaliation. However, class actions provide the class

21    members who are not named in the complaint anonymity that

22    allows for the vindication of their rights.

23    16.    There are common questions of law and fact as to the class members that

24    predominate over questions affecting only individual members. The following

25    common questions of law or fact, among others, exist as to the members of the class:

26    a.    Whether Defendants' failure to pay wages, without abatement or

27    reduction, in accordance with the California Labor Code, was

28    willful;

5

b.      Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked, missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c.      Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.      Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e.      Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f.      Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g.      Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h.      Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

i.      Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j.      Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

k.      Whether Defendants' conduct was willful or reckless;

1          l.      Whether Defendants engaged in unfair business practices in

2                  violation of California Business & Professions Code section

3                  17200, et seq.;

4          m.      The appropriate amount of damages, restitution, and/or monetary

5                  penalties resulting from Defendants' violation of California law;

6                  and

7          n.      Whether Plaintiff and the other class members are entitled to

8                  compensatory damages pursuant to the California Labor Code.

9                          **PAGA ALLEGATIONS**

10     17.    At all times herein set forth, PAGA was applicable to Plaintiff's

11  employment by Defendants.

12     18.    At all times herein set forth, PAGA provides that any provision of law

13  under the California Labor Code that provides for a civil penalty, including unpaid

14  wages and premium wages, to be assessed and collected by the LWDA for violations of

15  the California Labor Code may, as an alternative, be recovered through a civil action

16  brought by an aggrieved employee on behalf of himself and other current or former

17  employees pursuant to procedures outlined in California Labor Code section 2699.3.

18     19.    Pursuant to PAGA, a civil action under PAGA may be brought by an

19  "aggrieved employee," who is any person that was employed by the alleged violator

20  and against whom one or more of the alleged violations was committed.

21     20.    Plaintiff was employed by Defendants and the alleged violations were

22  committed against him during his time of employment and he is, therefore, an

23  aggrieved employee. Plaintiff and the other employees are "aggrieved employees" as

24  defined by California Labor Code section 2699(c) in that they are current or former

25  employees of Defendants, and one or more of the alleged violations were committed

26  against them.

27  ///

28  ///

7

1   21.   Pursuant to California Labor Code sections 2699.3 and 2699.5, an

2   aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA

3   after the following requirements have been met:

4   a.   The aggrieved employee shall give written notice by online

5   submission (hereinafter "Employee's Notice") to the LWDA and by

6   certified mail to the employer of the specific provisions of the

7   California Labor Code alleged to have been violated, including the

8   facts and theories to support the alleged violations.

9   b.   The LWDA shall provide notice (hereinafter "LWDA Notice") to

10   the employer and the aggrieved employee by certified mail that it

11   does not intend to investigate the alleged violation within sixty (60)

12   calendar days of the postmark date of the Employee's Notice. Upon

13   receipt of the LWDA Notice, or if the LWDA Notice is not

14   provided within sixty-five (65) calendar days of the postmark date

15   of the Employee's Notice, the aggrieved employee may commence

16   a civil action pursuant to California Labor Code section 2699 to

17   recover civil penalties in addition to any other penalties to which

18   the employee may be entitled.

19   22.   On November 8, 2016, Plaintiff provided written notice by online

20   submission to the LWDA and by certified mail to Defendant PROPULSION

21   CONTROLS ENGINEERINGS of the specific provisions of the California Labor Code

22   alleged to have been violated, including the facts and theories to support the alleged

23   violations. Therefore, the administrative prerequisites under California Labor Code

24   section 2699.3(a) to recover civil penalties, including unpaid wages and premium

25   wages per California Labor Code section 558 against Defendants, in addition to other

26   remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a),

27   226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802 have been

28   satisfied.

1

## GENERAL ALLEGATIONS

2      23.    At all relevant times set forth herein, Defendants employed Plaintiff and

3   other persons as hourly-paid or non-exempt employees within the State of California,

4   County of San Diego.

5      24.    Defendants, jointly and severally, employed Plaintiff as an hourly-paid,

6   non-exempt employee, from approximately September 2014 to approximately

7   March 2016, in the State of California, County of San Diego.

8      25.    Defendants hired Plaintiff and the other class members and classified

9   them as hourly-paid or non-exempt employees, and failed to compensate them for all

10   hours worked, missed meal periods and/or rest breaks.

11      26.    Defendants had the authority to hire and terminate Plaintiff and the other

12   class members; to set work rules and conditions governing Plaintiff's and the other

13   class members' employment; and to supervise their daily employment activities.

14      27.    Defendants exercised sufficient authority over the terms and conditions of

15   Plaintiff's and the other class members' employment for them to be joint employers of

16   Plaintiff and the other class members.

17      28.    Defendants directly hired and paid wages and benefits to Plaintiff and the

18   other class members.

19      29.    Defendants continue to employ hourly-paid or non-exempt employees

20   within the State of California.

21      30.    Plaintiff and the other class members worked over eight (8) hours in a

22   day, and/or forty (40) hours in a week during their employment with Defendants.

23      31.    Plaintiff is informed and believes, and based thereon alleges, that

24   Defendants engaged in a uniform policy/practice of wage abuse against their hourly-

25   paid or non-exempt employees within the State of California.  This uniform

26   policy/practice involved, *inter alia*, failing to pay them for all regular and/or overtime

27   wages earned, missed meal periods and rest breaks in violation of California law.

28   ///

9

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

1        32.    Plaintiff is informed and believes, and based thereon alleges, that

2    Defendants knew or should have known that Plaintiff and the other class members were

3    entitled to receive certain wages for overtime compensation and that they were not

4    receiving wages for overtime compensation.

5        33.    Plaintiff is informed and believes, and based thereon alleges, that

6    Defendants failed to provide Plaintiff and the other class members the required rest and

7    meal periods during the relevant time period as required under the Industrial Welfare

8    Commission Wage Orders and thus they are entitled to any and all applicable penalties.

9        34.    Plaintiff is informed and believes, and based thereon alleges, that

10   Defendants knew or should have known that Plaintiff and the other class members were

11   entitled to receive all meal periods or payment of one additional hour of pay at

12   Plaintiff's and the other class member's regular rate of pay when a meal period was

13   missed, and they did not receive all meal periods or payment of one additional hour of

14   pay at Plaintiff's and the other class member's regular rate of pay when a meal period

15   was missed.

16       35.    Plaintiff is informed and believes, and based thereon alleges, that

17   Defendants knew or should have known that Plaintiff and the other class members were

18   entitled to receive all rest periods or payment of one additional hour of pay at

19   Plaintiff's and the other class member's regular rate of pay when a rest period was

20   missed, and they did not receive all rest periods or payment of one additional hour of

21   pay at Plaintiff's and the other class members' regular rate of pay when a rest period

22   was missed.

23       36.    Plaintiff is informed and believes, and based thereon alleges, that

24   Defendants knew or should have known that Plaintiff and the other class members were

25   entitled to receive at least minimum wages for compensation and that they were not

26   receiving at least minimum wages for all hours worked.

27       37.    Plaintiff is informed and believes, and based thereon alleges, that

28   Defendants knew or should have known that Plaintiff and the other class members were

1  entitled to receive all wages owed to them upon discharge or resignation, including
2  overtime and minimum wages and meal and rest period premiums, and they did not, in
3  fact, receive all such wages owed to them at the time of their discharge or resignation.

4      38.   Plaintiff is informed and believes, and based thereon alleges, that
5  Defendants knew or should have known that Plaintiff and the other class members were
6  entitled to receive all wages owed to them during their employment. Plaintiff and the
7  other class members did not receive payment of all wages, including overtime and
8  minimum wages and meal and rest period premiums, within any time permissible under
9  California Labor Code section 204.

10      39.   Plaintiff is informed and believes, and based thereon alleges, that
11  Defendants knew or should have known that Plaintiff and the other class members were
12  entitled to receive complete and accurate wage statements in accordance with
13  California law, but, in fact, they did not receive complete and accurate wage statements
14  from Defendants. The deficiencies included, *inter alia*, the failure to include the total
15  number of hours worked by Plaintiff and the other class members.

16      40.   Plaintiff is informed and believes, and based thereon alleges, that
17  Defendants knew or should have known that Defendants had to keep complete and
18  accurate payroll records for Plaintiff and the other class members in accordance with
19  California law, but, in fact, did not keep complete and accurate payroll records.

20      41.   Plaintiff is informed and believes, and based thereon alleges, that
21  Defendants knew or should have known that Plaintiff and the other class members were
22  entitled to reimbursement for necessary business-related expenses.

23      42.   Plaintiff is informed and believes, and based thereon alleges, that
24  Defendants knew or should have known that they had a duty to compensate Plaintiff
25  and the other class members pursuant to California law, and that Defendants had the
26  financial ability to pay such compensation, but willfully, knowingly, and intentionally
27  failed to do so, and falsely represented to Plaintiff and the other class members that
28  they were properly denied wages, all in order to increase Defendants' profits.

11

43.     At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other class members for all hours worked.  Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

44.     At all material times set forth herein, Defendants failed to provide the requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

45.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

46.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

47.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

48.     At all material times set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

49.     At all material times set forth herein, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

50.     At all material times set forth herein, Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs.

51.     At all material times set forth herein, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

52.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

///

///

///

12

1

## FIRST CAUSE OF ACTION

2

### (Violation of California Labor Code §§ 510 and 1198)

3

### (Against PROPULSION CONTROLS ENGINEERINGS

4

### and DOES 1 through 100)

5      53.    Plaintiff incorporates by reference the allegations contained in Paragraphs

6    1 through 52, and each and every part thereof with the same force and effect as though

7    fully set forth herein.

8      54.    California Labor Code section 1198 and the applicable Industrial Welfare

9    Commission ("IWC") Wage Order provide that it is unlawful to employ persons

10    without compensating them at a rate of pay either time-and-one-half or two-times that

11    person's regular rate of pay, depending on the number of hours worked by the person

12    on a daily or weekly basis.

13      55.    Specifically, the applicable IWC Wage Order provides that Defendants

14    are and were required to pay Plaintiff and the other class members employed by

15    Defendants, and working more than eight (8) hours in a day or more than forty (40)

16    hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of

17    eight (8) hours in a day or more than forty (40) hours in a workweek.

18      56.    The applicable IWC Wage Order further provides that Defendants are and

19    were required to pay Plaintiff and the other class members overtime compensation at a

20    rate of two times their regular rate of pay for all hours worked in excess of twelve (12)

21    hours in a day.

22      57.    California Labor Code section 510 codifies the right to overtime

23    compensation at one-and-one-half times the regular hourly rate for hours worked in

24    excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8)

25    hours worked on the seventh day of work, and to overtime compensation at twice the

26    regular hourly rate for hours worked in excess of twelve (12) hours in a day or in

27    excess of eight (8) hours in a day on the seventh day of work.

28    ///

1    58.    During the relevant time period, Plaintiff and the other class members

2    worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a

3    week.

4    59.    During the relevant time period, Defendants intentionally and willfully

5    failed to pay overtime wages owed to Plaintiff and the other class members.

6    60.    Defendants' failure to pay Plaintiff and the other class members the

7    unpaid balance of overtime compensation, as required by California laws, violates the

8    provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

9    61.    Pursuant to California Labor Code section 1194, Plaintiff and the other

10   class members are entitled to recover unpaid overtime compensation, as well as interest,

11   costs, and attorneys' fees.

12                            **SECOND CAUSE OF ACTION**

13             **(Violation of California Labor Code §§ 226.7 and 512(a))**

14             **(Against PROPULSION CONTROLS ENGINEERINGS**

15                            **and DOES 1 through 100)**

16   62.    Plaintiff incorporates by reference the allegations contained in paragraphs

17   1 through 61, and each and every part thereof with the same force and effect as though

18   fully set forth herein.

19   63.    At all relevant times, the IWC Order and California Labor Code sections

20   226.7 and 512(a) were applicable to Plaintiff's and the other class members'

21   employment by Defendants.

22   64.    At all relevant times, California Labor Code section 226.7 provides that

23   no employer shall require an employee to work during any meal or rest period

24   mandated by an applicable order of the California IWC.

25   65.    At all relevant times, the applicable IWC Wage Order and California

26   Labor Code section 512(a) provide that an employer may not require, cause or permit

27   an employee to work for a work period of more than five (5) hours per day without

28   providing the employee with a meal period of not less than thirty (30) minutes, except

1  that if the total work period per day of the employee is no more than six (6) hours, the
2  meal period may be waived by mutual consent of both the employer and employee.

3      66.    At all relevant times, the applicable IWC Wage Order and California
4  Labor Code section 512(a) further provide that an employer may not require, cause or
5  permit an employee to work for a work period of more than ten (10) hours per day
6  without providing the employee with a second uninterrupted meal period of not less
7  than thirty (30) minutes, except that if the total hours worked is no more than twelve
8  (12) hours, the second meal period may be waived by mutual consent of the employer
9  and the employee only if the first meal period was not waived.

10      67.    During the relevant time period, Plaintiff and the other class members
11  who were scheduled to work for a period of time no longer than six (6) hours, and who
12  did not waive their legally-mandated meal periods by mutual consent, were required to
13  work for periods longer than five (5) hours without an uninterrupted meal period of not
14  less than thirty (30) minutes and/or rest period.

15      68.    During the relevant time period, Plaintiff and the other class members
16  who were scheduled to work for a period of time in excess of six (6) hours were
17  required to work for periods longer than five (5) hours without an uninterrupted meal
18  period of not less than thirty (30) minutes and/or rest period.

19      69.    During the relevant time period, Defendants intentionally and willfully
20  required Plaintiff and the other class members to work during meal periods and failed
21  to compensate Plaintiff and the other class members the full meal period premium for
22  work performed during meal periods.

23      70.    During the relevant time period, Defendants failed to pay Plaintiff and the
24  other class members the full meal period premium due pursuant to California Labor
25  Code section 226.7.

26      71.    Defendants' conduct violates applicable IWC Wage Order and California
27  Labor Code sections 226.7 and 512(a).

28  ///

1    72.    Pursuant to applicable IWC Wage Order and California Labor Code

2    section 226.7(b), Plaintiff and the other class members are entitled to recover from

3    Defendants one additional hour of pay at the employee's regular rate of compensation

4    for each work day that the meal or rest period is not provided.

5                              **THIRD CAUSE OF ACTION**

6                       **(Violation of California Labor Code § 226.7)**

7                      **(Against PROPULSION CONTROLS ENGINEERINGS**

8                                **and DOES 1 through 100)**

9    73.    Plaintiff incorporates by reference the allegations contained in paragraphs

10   1 through 72, and each and every part thereof with the same force and effect as though

11   fully set forth herein.

12   74.    At all times herein set forth, the applicable IWC Wage Order and

13   California Labor Code section 226.7 were applicable to Plaintiff's and the other class

14   members' employment by Defendants.

15   75.    At all relevant times, California Labor Code section 226.7 provides that

16   no employer shall require an employee to work during any rest period mandated by an

17   applicable order of the California IWC.

18   76.    At all relevant times, the applicable IWC Wage Order provides that

19   "[e]very employer shall authorize and permit all employees to take rest periods, which

20   insofar as practicable shall be in the middle of each work period" and that the "rest

21   period time shall be based on the total hours worked daily at the rate of ten (10)

22   minutes net rest time per four (4) hours or major fraction thereof" unless the total daily

23   work time is less than three and one-half (3 ½) hours.

24   77.    During the relevant time period, Defendants required Plaintiff and other

25   class members to work four (4) or more hours without authorizing or permitting a ten

26   (10) minute rest period per each four (4) hour period worked.

27   78.    During the relevant time period, Defendants willfully required Plaintiff

28   and the other class members to work during rest periods and failed to pay Plaintiff and

16

the other class members the full rest period premium for work performed during rest periods.

79.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

80.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

81.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 1194, 1197, and 1197.1)

### (Against PROPULSION CONTROLS ENGINEERINGS

### and DOES 1 through 100)

82.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 81, and each and every part thereof with the same force and effect as though fully set forth herein.

83.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

84.     During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

85.     Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest,

1  costs, and attorney's fees, and liquidated damages in an amount equal to the wages
2  unlawfully unpaid and interest thereon.

3       86.    Pursuant to California Labor Code section 1197.1, Plaintiff and the other
4  class members are entitled to recover a penalty of $100.00 for the initial failure to
5  timely pay each employee minimum wages, and $250.00 for each subsequent failure to
6  pay each employee minimum wages.

7       87.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other
8  class members are entitled to recover liquidated damages in an amount equal to the
9  wages unlawfully unpaid and interest thereon.

10  **FIFTH CAUSE OF ACTION**
11  **(Violation of California Labor Code §§ 201 and 202)**
12  **(Against PROPULSION CONTROLS ENGINEERINGS**
13  **and DOES 1 through 100)**

14       88.    Plaintiff incorporates by reference the allegations contained in paragraphs
15  1 through 87, and each and every part thereof with the same force and effect as though
16  fully set forth herein.

17       89.    At all relevant times herein set forth, California Labor Code sections 201
18  and 202 provide that if an employer discharges an employee, the wages earned and
19  unpaid at the time of discharge are due and payable immediately, and if an employee
20  quits his or her employment, his or her wages shall become due and payable not later
21  than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72)
22  hours' notice of his or her intention to quit, in which case the employee is entitled to
23  his or her wages at the time of quitting.

24       90.    During the relevant time period, Defendants intentionally and willfully
25  failed to pay Plaintiff and the other class members who are no longer employed by
26  Defendants their wages, earned and unpaid, within seventy-two (72) hours of their
27  leaving Defendants' employ.
28  ///

18

91.     Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

92.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

93.     Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 204)

### (Against PROPULSION CONTROLS ENGINEERINGS

### and DOES 1 through 100)

94.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 93, and each and every part thereof with the same force and effect as though fully set forth herein.

95.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

///

///

///

///

19

96.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

97.     At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period

98.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

99.     Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against PROPULSION CONTROLS ENGINEERINGS and DOES 1 through 100)

100.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 99, and each and every part thereof with the same force and effect as though fully set forth herein.

101.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number,

1 (8) the name and address of the legal entity that is the employer, and (9) all applicable
2 hourly rates in effect during the pay period and the corresponding number of hours
3 worked at each hourly rate by the employee. The deductions made from payments of
4 wages shall be recorded in ink or other indelible form, properly dated, showing the
5 month, day, and year, and a copy of the statement or a record of the deductions shall be
6 kept on file by the employer for at least three years at the place of employment or at a
7 central location within the State of California.

8    102.   Defendants have intentionally and willfully failed to provide Plaintiff and
9 the other class members with complete and accurate wage statements. The deficiencies
10 include, but are not limited to: the failure to include the total number of hours worked
11 by Plaintiff and the other class members.

12    103.   As a result of Defendants' violation of California Labor Code section
13 226(a), Plaintiff and the other class members have suffered injury and damage to their
14 statutorily-protected rights.

15    104.   More specifically, Plaintiff and the other class members have been injured
16 by Defendants' intentional and willful violation of California Labor Code section
17 226(a) because they were denied both their legal right to receive, and their protected
18 interest in receiving, accurate and itemized wage statements pursuant to California
19 Labor Code section 226(a).

20    105.   Plaintiff and the other class members are entitled to recover from
21 Defendants the greater of their actual damages caused by Defendants' failure to comply
22 with California Labor Code section 226(a), or an aggregate penalty not exceeding four
23 thousand dollars per employee.

24    106.   Plaintiff and the other class members are also entitled to injunctive relief
25 to ensure compliance with this section, pursuant to California Labor Code section
26 226(g).

27 ///

28 ///

21

# EIGHTH CAUSE OF ACTION

## (Violation of California Labor Code § 1174(d))

## (Against PROPULSION CONTROLS ENGINEERINGS

## and DOES 1 through 100)

107.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 106, and each and every part thereof with the same force and effect as though fully set forth herein.

108.   Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

109.   Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other class members.

110.   As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

111.   More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

///

///

///

1

## NINTH CAUSE OF ACTION

2

**(Violation of California Labor Code §§ 2800 and 2802)**

3

**(Against PROPULSION CONTROLS ENGINEERINGS**

4

**and DOES 1 through 100)**

5        112.   Plaintiff incorporates by reference the allegations contained in paragraphs

6    1 through 111, and each and every part thereof with the same force and effect as though

7    fully set forth herein.

8        113.   Pursuant to California Labor Code sections 2800 and 2802, an employer

9    must reimburse its employee for all necessary expenditures incurred by the employee in

10   direct consequence of the discharge of his or her job duties or in direct consequence of

11   his or her job duties or in direct consequence of his or her obedience to the directions of

12   the employer.

13       114.   Plaintiff and the other class members incurred necessary business-related

14   expenses and costs that were not fully reimbursed by Defendants.

15       115.   Defendants have intentionally and willfully failed to reimburse Plaintiff

16   and the other class members for all necessary business-related expenses and costs.

17   Plaintiff and the other class members are entitled to recover from Defendants their

18   business-related expenses and costs incurred during the course and scope of their

19   employment, plus interest accrued from the date on which the employee incurred the

20   necessary expenditures at the same rate as judgments in civil actions in the State of

21   California.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

## TENTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

### (Against PROPULSION CONTROLS ENGINEERINGS

### and DOES 1 through 100)

116.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 115, and each and every part thereof with the same force and effect as though fully set forth herein.

117.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.  Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

118.   Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

119.   A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1.  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204.  Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

120.   As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

121.   Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

122.   Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## ELEVENTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2698, et seq.)

### (Against PROPULSION CONTROLS ENGINEERINGS

### and DOES 1 through 100)

123.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 122, and each and every part thereof with the same force and effect as though fully set forth herein.

124.   PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

125.   Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

///

126. Plaintiff and the other hourly-paid or non-exempt employees, are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

### Failure to Pay Overtime

127. Defendants' failure to pay legally required overtime wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 510 and 1198.

### Failure to Provide Meal Periods

128. Defendants' failure to provide legally required meal periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 226.7 and 512(a).

### Failure to Provide Rest Periods

129. Defendants' failure to provide legally required rest periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code section 226.7.

### Failure to Pay Minimum Wages

130. Defendants' failure to pay legally required minimum wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 1194, 1197 and 1197.1.

### Failure to Timely Pay Wages Upon Termination

131. Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees upon termination in accordance with Labor Code sections 201 and 202 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 201 and 202.

///

1

**Failure to Timely Pay Wages During Employment**

2     132.   Defendants' failure to timely pay wages to Plaintiff and the other

3 aggrieved employees during employment in accordance with Labor Code section 204

4 constitutes unlawful and/or unfair activity prohibited by California Labor Code section

5 204.

6

**Failure to Provide Complete and Accurate Wage Statements**

7     133.   Defendants' failure to provide complete and accurate wage statements to

8 Plaintiff and the other aggrieved employees in accordance with Labor Code section

9 226(a) constitutes unlawful and/or unfair activity prohibited by California Labor Code

10 section 226(a).

11

**Failure to Keep Complete and Accurate Payroll Records**

12     134.   Defendants' failure to keep complete and accurate payroll records relating

13 to Plaintiff and the other aggrieved employees in accordance with California Labor

14 Code section 1174(d) constitutes unlawful and/or unfair activity prohibited by

15 California Labor Code section 1174(d).

16

**Failure to Reimburse Necessary Business-Related Expenses and Costs**

17     135.   Defendants' failure to reimburse Plaintiff and the other aggrieved

18 employees for necessary business-related expenses and costs in accordance with

19 California Labor Code sections 2800 and 2802 constitutes unlawful and/or unfair

20 activity prohibited by California Labor Code sections 2800 and 2802.

21     136.   Pursuant to California Labor Code section 2699, Plaintiff, individually,

22 and on behalf of all aggrieved employees, requests and is entitled to recover from

23 Defendants and each of them, business expenses, unpaid wages, and/or untimely wages

24 according to proof, interest, attorneys' fees and costs pursuant to California Labor Code

25 section 218.5, as well as all statutory penalties against Defendants, and each of them,

26 including but not limited to:

27         a.    Penalties under California Labor Code section 2699 in the amount of

28              a hundred dollars ($100) for each aggrieved employee per pay

27

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

    b.    Penalties under California Code of Regulations Title 8 section 11010, et seq. in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

    c.    Penalties under California Labor Code section 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation; and

    d.    Any and all additional penalties and sums as provided by the California Labor Code and/or other statutes.

137.   Pursuant to California Labor Code section 2699(i), civil penalties recovered by aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the Labor and Workforce Development Agency for the enforcement of labor laws and education of employers and employees about their rights and responsibilities and twenty-five percent (25%) to the aggrieved employees.

138.   Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other applicable statute.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, requests a trial by jury.

1                               **PRAYER FOR RELIEF**

2       WHEREFORE, Plaintiff, individually and on behalf of all other members of the

3 general public similarly situated and on behalf of other aggrieved employees pursuant

4 to the California Private Attorney General Act, prays for relief and judgment against

5 Defendants, jointly and severally, as follows:

6                               **Class Certification**

7       1.      That this action be certified as a class action;

8       2.      That Plaintiff be appointed as the representative of the Class;

9       3.      That counsel for Plaintiff be appointed as Class Counsel; and

10      4.      That Defendants provide to Class Counsel immediately the names and

11 most current/last known contact information (address, e-mail and telephone numbers)

12 of all class members.

13                       **As to the First Cause of Action**

14      5.      That the Court declare, adjudge and decree that Defendants violated

15 California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by

16 willfully failing to pay all overtime wages due to Plaintiff and the other class members;

17      6.      For general unpaid wages at overtime wage rates and such general and

18 special damages as may be appropriate;

19      7.      For pre-judgment interest on any unpaid overtime compensation

20 commencing from the date such amounts were due;

21      8.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to

22 California Labor Code section 1194;

23      9.      For civil penalties pursuant to California Labor Code sections 2699(a), (f),

24 and (g); and

25      10.     For such other and further relief as the Court may deem just and proper.

26                    **As to the Second Cause of Action**

27      11.     That the Court declare, adjudge and decree that Defendants violated

28 California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by

1  willfully failing to provide all meal periods (including second meal periods) to Plaintiff

2  and the other class members;

3      12.    That the Court make an award to Plaintiff and the other class members of

4  one (1) hour of pay at each employee's regular rate of compensation for each workday

5  that a meal period was not provided;

6      13.    For all actual, consequential, and incidental losses and damages,

7  according to proof;

8      14.    For premium wages pursuant to California Labor Code section 226.7(b);

9      15.    For pre-judgment interest on any unpaid wages from the date such

10  amounts were due;

11      16.    For reasonable attorneys' fees and costs of suit incurred herein;

12      17.    For civil penalties pursuant to California Labor Code sections 2699(a), (f),

13  and (g); and

14      18.    For such other and further relief as the Court may deem just and proper.

15                        **As to the Third Cause of Action**

16      19.    That the Court declare, adjudge and decree that Defendants violated

17  California Labor Code section 226.7 and applicable IWC Wage Orders by willfully

18  failing to provide all rest periods to Plaintiff and the other class members;

19      20.    That the Court make an award to Plaintiff and the other class members of

20  one (1) hour of pay at each employee's regular rate of compensation for each workday

21  that a rest period was not provided;

22      21.    For all actual, consequential, and incidental losses and damages,

23  according to proof;

24      22.    For premium wages pursuant to California Labor Code section 226.7(b);

25      23.    For pre-judgment interest on any unpaid wages from the date such

26  amounts were due;

27      24.    For civil penalties pursuant to California Labor Code sections 2699(a), (f),

28  and (g); and

1    25.    For such other and further relief as the Court may deem just and proper.

2                        **As to the Fourth Cause of Action**

3    26.    That the Court declare, adjudge and decree that Defendants violated

4    California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay

5    minimum wages to Plaintiff and the other class members;

6    27.    For general unpaid wages and such general and special damages as may

7    be appropriate;

8    28.    For statutory wage penalties pursuant to California Labor Code section

9    1197.1 for Plaintiff and the other class members in the amount as may be established

10   according to proof at trial;

11   29.    For pre-judgment interest on any unpaid compensation from the date such

12   amounts were due;

13   30.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

14   California Labor Code section 1194(a);

15   31.    For liquidated damages pursuant to California Labor Code section 1194.2;

16   32.    For civil penalties pursuant to California Labor Code sections 2699(a), (f),

17   and (g); and

18   33.    For such other and further relief as the Court may deem just and proper.

19                        **As to the Fifth Cause of Action**

20   34.    That the Court declare, adjudge and decree that Defendants violated

21   California Labor Code sections 201, 202, and 203 by willfully failing to pay all

22   compensation owed at the time of termination of the employment of Plaintiff and the

23   other class members no longer employed by Defendants;

24   35.    For all actual, consequential, and incidental losses and damages,

25   according to proof;

26   36.    For statutory wage penalties pursuant to California Labor Code section

27   203 for Plaintiff and the other class members who have left Defendants' employ;

28   ///

1    37.    For pre-judgment interest on any unpaid compensation from the date such

2    amounts were due;

3    38.    For civil penalties pursuant to California Labor Code sections 2699(a), (f),

4    and (g); and

5    39.    For such other and further relief as the Court may deem just and proper.

6                    **As to the Sixth Cause of Action**

7    40.    That the Court declare, adjudge and decree that Defendants violated

8    California Labor Code section 204 by willfully failing to pay all compensation owed at

9    the time required by  California Labor Code section 204 to Plaintiff and the other class

10   members;

11   41.    For all actual, consequential, and incidental losses and damages,

12   according to proof;

13   42.    For pre-judgment interest on any unpaid compensation from the date such

14   amounts were due;

15   43.    For civil penalties pursuant to California Labor Code sections 2699(a), (f),

16   and (g); and

17   44.    For such other and further relief as the Court may deem just and proper.

18                   **As to the Seventh Cause of Action**

19   45.    That the Court declare, adjudge and decree that Defendants violated the

20   record keeping provisions of California Labor Code section 226(a) and applicable IWC

21   Wage Orders as to Plaintiff and the other class members, and willfully failed to provide

22   accurate itemized wage statements thereto;

23   46.    For actual, consequential and incidental losses and damages, according to

24   proof;

25   47.    For statutory penalties pursuant to California Labor Code section 226(e);

26   48.    For injunctive relief to ensure compliance with this section, pursuant to

27   California Labor Code section 226(g);

28   ///

49. For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

50. For such other and further relief as the Court may deem just and proper.

### As to the Eighth Cause of Action

51. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records for Plaintiff and the other class members as required by California Labor Code section 1174(d);

52. For actual, consequential and incidental losses and damages, according to proof;

53. For statutory penalties pursuant to California Labor Code section 1174.5;

54. For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

55. For such other and further relief as the Court may deem just and proper.

### As to the Ninth Cause of Action

56. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

57. For actual, consequential and incidental losses and damages, according to proof;

58. For the imposition of civil penalties and/or statutory penalties;

59. For reasonable attorneys' fees and costs of suit incurred herein;

60. For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

61. For such other and further relief as the Court may deem just and proper.

///

///

33

1             °           **As to the Tenth Cause of Action**

2       62.    That the Court decree, adjudge and decree that Defendants violated

3 California Business and Professions Code sections 17200, et seq. by failing to provide

4 Plaintiff and the other class members all overtime compensation due to them, failing to

5 provide all meal and rest periods to Plaintiff and the other class members, failing to pay

6 at least minimum wages to Plaintiff and the other class members, failing to pay

7 Plaintiff's and the other class members' wages timely as required by California Labor

8 Code section 201, 202 and 204 and by violating California Labor Code sections 226(a),

9 1174(d), 2800 and 2802.

10       63.    For restitution of unpaid wages to Plaintiff and all the other class

11 members and all pre-judgment interest from the day such amounts were due and

12 payable;

13       64.    For the appointment of a receiver to receive, manage and distribute any

14 and all funds disgorged from Defendants and determined to have been wrongfully

15 acquired by Defendants as a result of violation of California Business and Professions

16 Code sections 17200, et seq.;

17       65.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

18 California Code of Civil Procedure section 1021.5;

19       66.    For injunctive relief to ensure compliance with this section, pursuant to

20 California Business and Professions Code sections 17200, et seq.; and

21       67.    For such other and further relief as the Court may deem just and proper.

22                   **As to the Eleventh Cause of Action**

23       68.    For civil penalties and wages pursuant to California Labor Code sections

24 2699(a), (f) and (g) and 558 plus costs and attorneys' fees for violation of California

25 Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194,

26 1197, 1197.1, 1198, 2800 and 2802; and

27 ///

28 ///

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

69.     For such other and further relief as the Court may deem equitable and appropriate.

Dated: January 13, 2017                    **LAWYERS *for* JUSTICE, PC**

By: _____
     Edwin Aiwazian
     *Attorneys for* Plaintiff

35

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Edwin Aiwazian(State Bar No. 232943)
LAWYERS FOR JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203
TELEPHONE NO.: (818) 265-1020    FAX NO.: (818) 265-1021
ATTORNEY FOR *(Name):* Plaintiff Israel Ramirez

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/13/2017** at 04:51:11 PM

Clerk of the Superior Court
By Tamara Parra, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Hall of Justice Courthouse

CASE NAME:
Ramirez vs. Propulsion Controls Engineerings

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2017-00001738-CU-OE-CTL |
|---|---|---|
| ☑ Unlimited    ☐ Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Timothy Taylor<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☑ punitive
4. Number of causes of action *(specify):* 10
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 13, 2017
Edwin Aiwazian
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |